IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JASON D. JORDAN,[1] | § | |
| | § | |
| Petitioner Below, | § | No. 84, 2018 |
| Appellant, | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware |
| | § | |
| JAMIE MORNING, | § | File No. CK07-01504 |
| | § | Petition No. 16-22584 |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: March 2, 2018
Decided: March 20, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

# **O R D E R**

Having considered the notice and supplemental notice of appeal from an interlocutory order under Supreme Court Rule 42, the motion to stay, the amended motion to stay, and the record below, the Court concludes that:

(1) This interlocutory appeal arises from: (i) a January 22, 2018 Family Court order denying a motion for reargument filed by the petitioner below-appellant, Jason D. Jordan ("the Father"); and (ii) a November 29, 2018 Family Court order reversing and remanding a Family Court Commissioner's order reducing the Father's monthly child support obligation from $1,450.00 to $760.00. In the

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

November 29, 2018 order, the Family Court found, among other things, that the Commissioner should have included the amount that the Father overpaid his new wife in his income and should not have excluded $33,328.00 in accelerated depreciation as a legitimate business expense. The Family Court remanded the matter to the Commissioner so that a new child support order could be calculated.

(2) On January 31, 2018, the Father filed an application for certification to take an interlocutory appeal. The Father argued that certification was appropriate because the Family Court orders included significant mistakes of fact and involved a question of law addressed for the first time in Delaware. The respondent below-appellee, Jamie Morning ("the Mother"), opposed the application. The Father also filed a motion to stay the Family Court proceedings pending appeal.

(3) On February 14, 2018, the Family Court granted the application for certification. The Family Court held that the orders decided a substantial issue of material importance meriting interlocutory review. The Family Court also found that most of the Supreme Court Rule 42(b)(iii) criteria, including a question of law resolved for the first time, construction of a statute that this Court should settle, and possible termination of the litigation after interlocutory review, applied.

(4) On February 14, 2018, the Family Court denied the Father's motion for a stay and held that the matter be placed on the calendar. On February 22, 2018, the Family Court held this was a mistake and further hearings were stayed pending

appeal. On February 23, 2018, the Father filed a motion for a stay in this Court. On March 2, 2018, the Father filed an amended motion for a stay reflecting the Family Court's February 22, 2018 order.

(5) Applications for interlocutory review are addressed to the sound discretion of the Court.[2] In the exercise of our discretion, we have concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b) and should be refused. This matter is not exceptional,[3] and it makes more sense here to review the Family Court rulings after the child support obligation is calculated.

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED. The Father's motion for a stay is moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[2] Supr. Ct. R. 42(d)(v).
[3] Supr. Ct. R. 42(b)(ii).